1  Douglas E. Dexter, Esq. (SBN 115868)
   Diego F. Acevedo, Esq. (SBN 244693)
2  Kelly M. Matayoshi, Esq. (SBN 284596)
   FARELLA BRAUN + MARTEL LLP
3  Russ Building
   235 Montgomery Street, 17th Floor
4  San Francisco, CA  94104
   Telephone:  (415) 954-4400
5  Facsimile:  (415) 954-4480
   *ddexter@fbm.com*
6  *dacevedo@fbm.com*
   *kmatayoshi@fbm.com*
7
   Attorneys for Defendant
8  SFO SHUTTLE BUS COMPANY

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO DIVISION

13  MICHELLE BONNER, on behalf of          Case No. CV-13-01606-TEH
    herself and all others similarly situated,
14                                          **STIPULATED PROTECTIVE ORDER
               Plaintiff,                   REGARDING CONFIDENTIAL
15                                          DOCUMENTS AND INFORMATION**
        vs.
16                                            IT IS SO ORDERED AS MODIFIED
    SFO SHUTTLE BUS COMPANY; and
17  DOES 1-20,

18             Defendants.

19

20

21

22

23

24

25

26

27

28

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure,

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff Michelle Bonner ("Plaintiff"), and Defendant SFO Shuttle Bus Company ("Defendant"), through their respective counsel, that, during this action, all documents, information, tangible items, and testimony designated as Confidential by the producing party in the above matter be, and hereby are, subject to the following terms and conditions.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than litigating this case would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   <u>DEFINITIONS</u>

2.1   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

1        2.3     <u>"Confidential" Information or Items</u>:  information (regardless of how

2  generated, stored or maintained) or tangible things that qualify for protection under

3  standards developed under Federal Rule of Civil Procedure 26(c).

4        2.4     <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material

5  from a Producing Party.

6        2.5     <u>Producing Party</u>:  a Party or non-party that produces Disclosure or

7  Discovery Material in this action.

8        2.6     <u>Designating Party</u>:  a Party or non-party that designates information or items

9  that it produces in disclosures or in responses to discovery as "Confidential."

10        2.7     <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated

11  as "Confidential."

12        2.8     <u>Outside Counsel</u>:  attorneys who are not employees of a Party but who are

13  retained to represent or advise a Party in this action.

14        2.9     <u>House Counsel</u>:  attorneys who are employees of a Party.

15        2.10    <u>Counsel (without qualifier)</u>:  Outside Counsel and House Counsel (as well

16  as their support staffs).

17        2.11    <u>Expert</u>:  a person with specialized knowledge or experience in a matter

18  pertinent to the litigation who has been retained by a Party or its counsel to serve as an

19  expert witness or as a consultant in this action and who is not a past or a current employee

20  of a Party or a competitor of a Party and who, at the time of retention, is not anticipated to

21  become an employee of a Party or a competitor of a Party.  This definition includes a

22  professional jury or trial consultant retained in connection with this litigation.

23        2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support

24  services (e.g., photocopying; videotaping; translating; preparing exhibits or

25  demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their

26  employees and subcontractors.

27  3.     <u>SCOPE</u>

28        The protections conferred by this Stipulation and Order cover not only Protected

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

1    Material (as defined above), but also any information copied or extracted therefrom, as

2    well as all copies, excerpts, summaries, or compilations thereof, plus testimony,

3    conversations, or presentations by parties or counsel to or in court or in other settings that

4    might reveal Protected Material.

5    4.     <u>DURATION</u>

6         Even after the termination of this litigation, the confidentiality obligations imposed

7    by this Order shall remain in effect until a Designating Party agrees otherwise in writing

8    or a court order otherwise directs.

9    5.     <u>DESIGNATING PROTECTED MATERIAL</u>

10         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each

11    Party or non-party that designates information or items for protection under this Order

12    must take care to limit any such designation to specific material that qualifies under the

13    appropriate standards.  A Designating Party must take care to designate for protection

14    only those parts of material, documents, items, or oral or written communications that

15    qualify — so that other portions of the material, documents, items, or communications for

16    which protection is not warranted are not swept unjustifiably within the ambit of this

17    Order.

18         Mass, indiscriminate, or routinized designations are prohibited.  Designations that

19    are shown to be clearly unjustified, or that have been made for an improper purpose (e.g.,

20    to unnecessarily encumber or delay the case development process, or to impose

21    unnecessary expenses and burdens on other parties), are also prohibited.

22         If it comes to a Party's or a non-party's attention that information or items that it

23    designated for protection do not qualify for protection at all, or do not qualify for the level

24    of protection initially asserted, that Party or non-party must promptly notify all other

25    parties that it is withdrawing the mistaken designation.

26         5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this

27    Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

28

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed CONFIDENTIAL. After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" at the top of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that Counsel for the deponent or witness providing testimony, within twenty (20) days after the final version of the transcript has been received by such Counsel, designate any portions of the transcript which contain testimony concerning CONFIDENTIAL information.  Upon request of Counsel on the record (i.e., before the deposition or proceeding is concluded), deposition or other pretrial hearing or trial testimony in its entirety shall be treated as CONFIDENTIAL until expiration of the 20-day designation period.

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

5.3     Need for Higher Level of Confidentiality.  In the event the Producing Party believes that the material to be produced, or testimony to be given, is deserving of a higher level of confidentiality than the protections currently provided herein for "Confidential" materials, i.e. "Attorneys' Eyes Only", the Producing Party shall contact the party to whom disclosure would otherwise be made to explain the need for and the specifics of the higher level of protection.  The Parties shall meet and confer in good faith to come to agreement on the designation and its scope.  If the Parties cannot reach agreement, the Producing Party shall submit the matter to the Court for resolution per paragraph 6.3 of this Order, and shall not be required to produce the material in question until the Court issues a decision.

5.4     Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or as some other level of confidentiality, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or some other level of confidentiality after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a

Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice-to-voice dialogue in person or by telephone; a mere exchange of letters, e-mails, telephone calls or facsimile transmissions is not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party will, along with the Designating Party, contact the Court's courtroom deputy for referral to a Magistrate Judge.  In submitting their dispute, the parties shall follow the standing orders or other directions from the assigned Magistrate Judge.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging Party to sanctions.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in

1  this Order.  When the litigation has been terminated, a Receiving Party must comply with
2  the provisions of section 11, below (FINAL DISPOSITION).

3      Protected Material must be stored and maintained by a Receiving Party at a
4  location and in a secure manner that ensures that access is limited to the persons
5  authorized under this Order.

6      7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise
7  ordered by the Court or permitted in writing by the Designating Party, a Receiving Party
8  may disclose any information or item designated CONFIDENTIAL only to:

9          (a)    the Receiving Party and the Receiving Party's Outside Counsel of
10  record in this action, as well as employees of said Counsel to whom it is reasonably
11  necessary to disclose the information for this litigation and who have signed the
12  "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

13          (b)    the officers, directors, and employees (including in-house counsel) of
14  the Receiving Party to whom disclosure is reasonably necessary for this litigation and who
15  have signed the "Agreement to be Bound by Protective Order" that is attached hereto as
16  Exhibit A;

17          (c)    Experts (as defined in this Order) of the Receiving Party to whom
18  disclosure is reasonably necessary for this litigation and who have signed the "Agreement
19  to be Bound by Protective Order" that is attached hereto as Exhibit A;

20          (d)    the Court and its personnel;

21          (e)    court reporters, their staffs, and Professional Vendors to whom
22  disclosure is reasonably necessary for this litigation and who have signed the "Agreement
23  to be Bound by Protective Order" that is attached hereto as Exhibit A;

24          (f)    during their depositions, witnesses in the action to whom disclosure
25  is reasonably necessary and who have signed the "Agreement to be Bound by Protective
26  Order" that is attached hereto as Exhibit A; and,

27          (g)    the author of the document or the original source of the information.

28

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
       OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A.

10.   **FILING PROTECTED MATERIAL.**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.   **FINAL DISPOSITION.**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty (60) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   **MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing

1  or producing any information or item on any ground not addressed in this Stipulated

2  Protective Order.  Similarly, no Party waives any right to object on any ground to use in

3  evidence of any of the material covered by this Stipulated Protective Order.

4

5          Respectfully submitted,

6  Dated: August  20, 2013                    FARELLA BRAUN + MARTELL LLP

7
                                              By  /s/ Douglas E. Dexter
8                                                 Douglas E. Dexter
9                                                 Attorneys for Defendant,
                                                  SFO SHUTTLE BUS COMPANY
10

11  Dated: August  20, 2013                   THE TIDRICK LAW FIRM

12
                                              By  /s/ Steven Tidrick
13                                                Steven Tidrick
14                                                Attorneys for Plaintiff

15

16

17

18          <u>**ATTESTATION OF CONCURRENCE IN FILING**</u>

19          In accordance with the Northern District of California's General Order No.

20  45, Section X(B), I hereby attest that I have obtained the concurrence of all other

21  signatories in the filing of this document.

22

23  Dated: August  20, 2013                   FARELLA BRAUN + MARTELL LLP

24
                                              By  /s/ Douglas E. Dexter
25                                                Douglas E. Dexter
                                                  Attorneys for Defendant,
26                                                SFO SHUTTLE BUS COMPANY

27

28

1

2

**ORDER**

3

4

5 **PURSUANT TO THE PARTIES' STIPULATION, THE FOREGOING**

6 **PROTECTIVE ORDER IS APPROVED, AND IT IS SO ORDERED**.

7

8 Dated: 08/26/2013

9

10



11 The _____ _____derson
   Unit_____
12 Nor_____

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

STIPULATED PROTECTIVE ORDER
Case No. CV-13-01606-TEH

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHELLE BONNER, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>SFO SHUTTLE BUS COMPANY; and DOES 1-20,<br><br>Defendants. | Case No. CV-13-01606-TEH<br><br>**CERTIFICATION OF AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

1.      My name is _____.

I live at _____.

I am employed as (state position) _____

by (state name and address of employer) _____.

2.      I have read the Stipulated Protective Order Regarding Confidential Documents and Information that has been entered in this case, and a copy of it has been given to me.  I understand the provisions of this Order, and agree to comply with and to be bound by its provisions.

3.      I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ (date)

by _____ (signature)