UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHELLE BONNER,

    Plaintiff,

    v.

SFO SHUTTLE BUS COMPANY,

    Defendant.

Case No. 13-cv-01606-TEH

**ORDER REQUIRING SUPPLEMENTAL BRIEFING RE: PROPOSED CLASS SETTLEMENT**

The Court is in receipt of Plaintiff's motion for preliminary approval of class settlement filed on March 13, 2014, as well as Defendant's statement of non-opposition filed on March 19, 2014. After reviewing the papers, the Court has serious questions about the proposed settlement and now orders the parties to submit a joint filing on or before **April 16, 2014,** addressing the questions below. The parties shall also come prepared to address these questions at the April 21, 2014 hearing.

    1. How can the Court evaluate the reasonableness of the proposed settlement when the parties have presented no estimation of the value of Plaintiffs' claims were they to prevail at trial?

    2. What evidence supports the parties' agreement to distribute 91.8% of the Net Settlement Amount to the Scheduled Route Portion and 9.2% to the Charter Portion?

    3. Why is it reasonable to calculate each Class Member's pro rata share based on the number of days he or she worked within the class period without taking into account possible variations, such as hours or shifts worked per day or hourly wage rates?

    4. Why is it reasonable for the settlement not to include any provisions for injunctive relief?

    5. Why is it reasonable for Class Members who submit defective claim forms not to have additional time, beyond the original 45 days from the mailing of the notice, to cure any defects and submit a Qualifying Claim Form?

1        6.  Why is it reasonable for the claims administrator to mail Class Notices to the
2   addresses in Defendant's employment and personnel records, instead of requiring
3   additional efforts to verify that these addresses are the best available last known addresses
4   for Class Members?

5        7.  What portion of the funds do the parties anticipate will revert to Defendant, and
6   why is that reasonable?

7        8.  Does the release of federal claims by all Class Members except those who opt
8   out violate the Fair Labor Standards Act, which allows only for opt-in collective actions
9   under 29 U.S.C. § 216(b)?

10       9.  When does Plaintiff's counsel anticipate filing their motion for attorney's fees?
11  As a reminder, the fees motion must be filed early enough to give Class Members an
12  adequate opportunity to evaluate such a motion before the deadline for filing objections.
13  *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010).

14       10.  Has Defendant complied with 28 U.S.C. § 1715(b)?  If not, it shall provide the
15  requisite notice immediately and include proof of service with the joint filing.

**IT IS SO ORDERED.**

Dated:  4/9/14                                   _____
                                                 THELTON E. HENDERSON
                                                 United States District Judge